FARMER, Judge,
concurring.
I agree that the trial court lacks personal jurisdiction over this Rhode Island health insurer. An out of state health insurer does not purposefully avail itself of the privilege of carrying on business activities in Florida merely by paying a local provider who furnishes medical services to a member of the out of state health insurance plan sojourning in Florida.
I really write only to comment on plaintiff’s fail-back argument that the defendant consented to Florida jurisdiction by serving an unaccepted offer of judgment. Neither side was able to offer us any authorities on this argument and our own research similarly came up empty. Such an issue of first impression deserves a word or two.
I can think of at least two reasons not to fix consent to jurisdiction on the offeror. In the first place, it seems to me that the offer should be seen as a conditional consent to jurisdiction — the condition being, of course, acceptance of the offer. Second, I should think that finding consent in the circumstances might discourage offers of settlement. We should be very reluctant to adopt judge-made rules that operate to discourage settlements. Hence if I am truly free to craft a rule for this issue, I could find consent to the jurisdiction of a court only from an accepted offer of judgment.
I thus concur in the court’s affirmance.